## In Re: Petition of Wayne R. Williams to Surrender Attorney's License

### July 19, 1976

### PER CURIAM

This matter involves the petition of Wayne R. Williams which states that a complaint is pending against him before the Supreme Court Committee on Professional Conduct.

Mr. Williams admits the allegations against him are substantially true, and he petitions the Court as follows:

> I therefore petition this Court to accept my surrender of my Attorney's License and to remove me from the list of attorneys authorized to practice law in the State of Arkansas for a period of two (2) years and that following the said period of two (2) years that I then be considered eligible for reinstatement as a licensed attorney in Arkansas *subject to such conditions as may be set by this Court concerning| any pertinent considerations for re-admission including, but not limited to, establishment of my then good character and my good conduct during the suspension period* [italics supplied].

> I make this request without any reservations and hope this matter will be handled without any undue publicity. I herewith tender my license certificate to this Court.

The Court also has received from the Executive Secretary of the Committee on Professional Conduct the

following letter:

> The Committee on Professional Conduct has held two long hearings concerning the alleged misconduct of Attorney Wayne R. Williams, formerly charged with bribery in state courts. An extensive investigation was conducted on behalf of the committee. Mr. Williams was afforded the opportunity to voluntarily surrender his license to practice law in lieu of a disbarment suit being filed by the committee. He expressed a desire to do this, and there has been considerable negotiation to draft a Petition to surrender his license that was satisfactory to Mr. Williams and would be acceptable to the committee for a recommendation to the Court to accept it.
>
> I have today received a Petition executed by Mr. Williams acceptable to the committee, along with his license certificate, and have delivered them both to Jimmy Hawkins for filing with the Court. I am instructed by the committee to recommend to the Court it accept this Petition according to the terms therein.

This Court is most fortunate in having on the Professional Conduct Committee seven outstanding members of the bar, men of the highest caliber, men dedicated to maintaining high standards in the legal profession. Their duties entail careful investigation of complaints questioning the ethical conduct of attorneys and then taking whatever action may be prescribed by the Rules of Professional Conduct governing attorneys. When deemed appropriate, recommendations are made to this Court. These men are called upon to take long hours from their own busy professional schedules to serve the larger interest and welfare of the entire bar of this State in carrying out these responsibilities.

As indicated in the letter of transmittal from the Committee, after two long hearings, much deliberate consideration and lengthy negotiations the Committee recommended that we accept the petition according to its terms. Certainly we attach great weight to the recommendation of the Committee which heard the testimony of petitioner and other witnesses who came before it. The members of the Committee

are in a much better position to gauge appropriate action in this matter than this Court which has not seen the witnesses nor heard the testimony.

This Committee ably carries out the responsibilities delegated to it, and in performing their duties the members of the Committee gave consideration not only to the Code of Professional Responsibility but also to the action taken and pronouncements made by this Court in applying sanctions in previous cases.

Accordingly we deem it appropriate to accept surrender of petitioner's license for a two-year period, but this does not mean petitioner will be automatically reinstated at the end of this period. *Petitioner will only be readmitted upon a satisfactory showing to the Board of Law Examiners that his character and integrity are such that he deserves readmittance.* Another condition of the suspension is that petitioner refrain from assisting any other attorney engaged in the practice of law and from accepting employment by any other attorney in any capacity whatever during the term of his suspension. The burden of proof shall rest upon petitioner in making those showings to the Board of Law Examiners.